**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brittian Willie Young, | No. CV-19-01730-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

On March 3, 2019, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("the Petition"). (Doc. 1.) Separately, on March 27, 2020, Petitioner filed a "Motion for Entry of Judgment/Order." (Doc. 26.)

On May 12, 2020, Magistrate Judge Bibles issued a Report and Recommendation ("R&R") concluding the Petition should be denied. (Doc. 27.) Afterward, Petitioner filed objections to the R&R. (Doc. 28.) For the following reasons, the Court will overrule Petitioner's objections, deny his motion, adopt the R&R, and terminate this action.

I.  Background

*The Underlying Incident*.  In 2016, a Maricopa County Superior Court judge entered an order terminating Petitioner's parental rights. (Doc. 27 at 2.) Several months later, Petitioner came to the judge's courtroom holding "a bunch of zip ties" and some papers. (*Id.*) Near the end of a hearing, Petitioner approached the judge, told her that he had a warrant for her arrest, and told her that she had the right to remain silent. (*Id.*) The courtroom clerk warned Petitioner to stop, but he "seemed 'determined' . . . to restrain [the

judge] with zip ties and escort her from the courtroom." (*Id.*) When a bailiff and sheriff's deputies arrived to protect the judge, Petitioner stated that he was there to make a "citizen's arrest." (*Id.*)

*Trial and Sentencing*. Petitioner was charged with one count of attempted kidnapping with the intent to interfere with a governmental function. (*Id.*) Before trial, Petitioner moved to represent himself. (*Id.*) The trial judge granted the motion but appointed advisory counsel. (*Id.*)

During the two-day jury trial, Petitioner cross-examined each of the state's witnesses (including the victim-judge) but chose not to testify, present any evidence, or call any witnesses. (*Id.* at 3.) The jury voted to convict. (*Id.*) Petitioner was sentenced to 6.5 years' imprisonment, which was the presumptive sentence in light of his prior conviction for manslaughter. (*Id.*)

*The Direct Appeal*. During his direct appeal, Petitioner raised the following three issues: (1) "he could not have 'kidnapped' [the judge] because he had the legal authority to arrest her," (2) "the State lacked probable cause to charge him with attempted kidnapping"; and (3) "the trial court prohibited him from presenting evidence that 'could easily prove [his] innocence.'" (*Id.* at 3-5.) Notably, during the appellate proceedings, Petitioner "did not mention or cite to the United States Constitution, or discuss how his federal constitutional rights were violated in his state criminal proceedings. Nor did he identify any specific federal constitutional right he believed was violated during his state criminal proceedings. In his state appellate brief [Petitioner] cited the 'Constitution of the State of Arizona,' and the Arizona Code of Judicial Conduct, and the Arizona Rules of Professional Conduct. The only reference to any federal constitutional right, federal law, or federal legal opinion cited by [Petitioner] in his state proceedings is his assertion that his 'arrest' of [the judge] was legal because, *inter alia*, he 'advised her of her *Miranda* Rights.'" (*Id.* at 9.)

On August 16, 2018, the Arizona Court of Appeals affirmed Petitioner's conviction and sentence. *State v, Young*, 2018 WL 4017336 (Ariz. Ct. App. 2018). In its decision,

the appellate court "did not mention the United States Constitution or any federal constitutional right." (Doc. 27 at 9.)

On January 25, 2019, the Arizona Supreme Court denied Petitioner's petition for review. (*Id.* at 5.)

*The Petition*. In March 2019, Petitioner filed the Petition. (Doc. 1.) It asserts the following four grounds for relief: (1) "The State of Arizona has demonstrated actions of Prosecutorial Misconduct by Insufficiency of State Evidence. Which is Malicious Prosecution that then lead to the Unlawful and Wrongful Conviction which then lead to the Unlawful Imprisonment [sic]"; (2) "Violation of Judicial Code of Conduct by Lack of Intent In a Criminal Case"; (3) "Violation of Constitution for My Mere Presence Was Turned Into Criminal Case"; and (4) "Obstruction of Justice where There is No Criminal Intent From Defendant." (Doc. 27 at 5-6.)

*The R&R*. The R&R states that, because Petitioner only presented state-law claims during his direct appeal, he failed to exhaust the federal claims now asserted in the Petition: "Because [Petitioner] did not present any claim asserting his federal constitutional rights were violated to the state's highest court, he failed to exhaust any cognizable basis for federal habeas relief in the Arizona courts." (*Id.* at 10.) This lack of exhaustion, the R&R concludes, means that Petitioner's claims are procedurally defaulted. (*Id.*) Finally, the R&R concludes that Petitioner cannot establish cause and prejudice to excuse the procedural default because, *inter alia*, "a thorough review of the entire record in this matter, which includes the trial transcripts, indicates there was sufficient evidence to sustain [Petitioner's] conviction." (*Id.* at 11-12.)

II.     Legal Standard

A party may file written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"). Those objections must be "specific." *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added).

District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").[1]

III.   Analysis

    A.   **The Objections To The R&R**

In his objections (Doc. 28), Petitioner largely attempts to reargue the merits of his defense, arguing that he lacked criminal intent, that he never made physical contact with the victim, and that the victim committed perjury. (*Id.* at 3-4, 6.) As for the R&R's conclusions regarding exhaustion and procedural default, Petitioner doesn't dispute that he only cited Arizona law during the state appellate proceedings. (*Id.* at 5.) Nevertheless, Petitioner appears to argue that (1) any references to the Arizona Constitution should also be considered references to the United States Constitution, because "the Arizona Constitutions violated are also U.S. Constitution written out as Amendments" (*id.* at 5), and (2) although he "didn't mention or cite U.S. Constitution . . . I am innocent, and One retains all rights as U.S. citizen executing an arrest record concerning [the judge] is U.S. Constitutional Law" (*id.* at 6).

---

[1] *See generally* S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 72, at 422 (2018) ("A party who wishes to object to a magistrate judge's ruling must make specific and direct objections. General objections that do not direct the district court to the issues in controversy are not sufficient. . . . [T]he objecting party must specifically identify each issue for which he seeks district court review . . . .").

- 4 -

These objections will be overruled. As the R&R correctly states, "[f]ull and fair presentation requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief. . . . It is not enough that all of the facts necessary to support the federal claim were before the state court or that a 'somewhat similar' state law claim was raised. Rather, in his state court pleadings the habeas petitioner must cite to the specific constitutional guarantee upon which he bases his claim in federal court. General appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish fair presentation of a federal constitutional claim." (Doc. 27 at 8, citations omitted.) Petitioner's objections are based on a misapprehension of these principles.

B. **The "Motion for Entry of Judgment/Order"**

About two weeks before the R&R was issued, Petitioner filed a "Motion for Entry of Judgment/Order." (Doc. 26.) Although the motion is not a model of clarity, it appears to be seeking the same relief as the Petition—that is, the reversal of Petitioner's conviction and Petitioner's release from custody. (*Id.* at 8 ["Petitioner . . . commands for the following 'recovery conditions' . . . Grant mistrial and overturn conviction as well as imprisonment sentence."].) Because the Petition will be denied, the motion will be denied, too.

Accordingly, **IT IS ORDERED** that:

(1) The reference to the magistrate judge is **withdrawn** as to Petitioner's "Motion for Entry of Judgment/Order" (Doc. 26).

(2) Petitioner's "Motion for Entry of Judgment/Order" (Doc. 26) is **denied**.

(3) Petitioner's objections to the R&R (Doc. 28) are **overruled**.

(4) The R&R's recommended disposition (Doc. 27) is **accepted**.

(5) The Petition (Doc. 1) is **denied**.

(6) A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has

not made a substantial showing of the denial of a constitutional right.

      (7)    The Clerk shall enter judgment accordingly and terminate this action.

Dated this 10th day of June, 2020.

_____
Dominic W. Lanza
United States District Judge